JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-00851 JGB (SHKx)** | Date | May 23, 2025 |
|---|---|---|---|
| Title | ***Hoang Minh Le v. Potomac Plaza, LLC*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DISMISSING Plaintiff's Complaint for Failure to Comply with Court Order; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

    On April 7, 2025, Plaintiff filed a complaint against Defendant Potomac Plaza, LLC. ("Complaint," Dkt. No. 1.) The complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"). (See id.) On April 15, 2025, the Court instituted a limited scheduling order and ordered Plaintiff to show cause in writing, by May 2, 2025, why the Court should exercise supplemental jurisdiction over the Unruh Act claim. ("OSC & Scheduling Order," Dkt. No. 9.) As of the date of this order, Plaintiff has not responded to the OSC & Scheduling Order. The Court has previously warned Plaintiff that failure to comply with any of the requirements set forth in the OSC & Scheduling Order will **result in dismissal of the action in its entirety**. (Id. at 3); Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).

    Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

    Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. <u>See</u> <u>Ghazali</u>, 46 F.3d at 53–54.

The Court finds that Plaintiff has failed to comply with the OSC & Scheduling Order and that dismissal is therefore appropriate. Accordingly, the Court **DISMISSES** Plaintiff's action and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**